41 F.3d 1520
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Pelagia G. NAVA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3424.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1994
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Pelagia G. Nava petitions for review of the May 16, 1994 final decision of the Merit Systems Protection Board, Docket No. SE0831940012-I-1, dismissing her appeal for lack of jurisdiction on the ground that no final reconsideration decision addressing her application for a survivor annuity had been issued by the Office of Personnel Management (OPM). Because the Board correctly determined that it did not have jurisdiction to consider Nava's appeal, we affirm.
 
 DISCUSSION
 
 2
 Nava sent an inquiry to OPM regarding entitlement to a survivor annuity. In a letter dated March 17, 1987, OPM responded to Nava's letter, stating that she was not entitled to an annuity. Nava again requested an annuity (the record before the court does not indicate the date). On April 28, 1993, OPM forwarded to Nava a copy of its first response and stated, "[t]here is nothing in the law that would change this decision." On May 11, 1993, Nava requested reconsideration of OPM's decision. On October 4, 1993, no final reconsideration decision having been issued, Nava appealed to the board. OPM moved for dismissal for lack of jurisdiction and stated, "[u]pon dismissal of the appeal, OPM will issue a reconsideration decision in this matter." The board accordingly ruled that because OPM had not issued a reconsideration decision, the board lacked jurisdiction to consider Nava's appeal.
 
 
 3
 We must affirm decisions of the board unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). The board's jurisdiction is limited to that granted to it by law, rule, or regulation. 5 U.S.C. Sec. 7701(a) (1988). The board may not hear an appeal by an individual affected by an OPM action under the Civil Service Retirement System until a final reconsideration decision has been issued by OPM. See 5 U.S.C. Sec. 8347(d)(1) (1988); 5 C.F.R. Secs. 831.109, 831.110 (1994).
 
 
 4
 We are aware that the board has held that where OPM has improperly failed to respond to an individual's repeated requests for a decision, the absence of a reconsideration decision did not prevent the board from asserting jurisdiction over an appeal. Garcia v. Office of Personnel Management, 31 M.S.P.R. 160, 161 (1986). Moreover, the board has held that OPM's fourteen-month delay in responding to an individual's request for reconsideration did not preclude board jurisdiction. See Money v. Office of Personnel Management, 811 F.2d 1474, 1476 (Fed.Cir.1987). Here, Nava filed one request for reconsideration and waited approximately five months before filing an appeal. OPM has promised a reconsideration decision in its motion to dismiss at the board. The board concluded that, under these circumstances, it could not exercise jurisdiction over Nava's appeal. We cannot say that the board's decision was in error. Accordingly, we affirm, and trust that OPM will issue its decision forthwith.