NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RALPH M. MALONE,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3211

---

Petition for review of the Merit Systems Protection Board in No. DE-0831-14-0311-I-1.

---

Decided: February 4, 2015

---

RALPH M. MALONE, San Tan Valley, AZ, pro se.

TREYER AUSTIN MASON-GALE, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

Petitioner Ralph Malone appeals a decision of the Merit Systems Protection Board ("MSPB") dismissing Mr. Malone's appeal for lack of jurisdiction. The MSPB found that the Office of Personnel Management ("OPM") had not yet ruled on Mr. Malone's motion for reconsideration of its initial decision denying Mr. Malone's application for a redetermination of his retirement annuity, so there was no appealable final decision from OPM. The MSPB also found that OPM had not constructively denied Mr. Malone a final decision. Because we agree that the MSPB lacked jurisdiction over Mr. Malone's appeal, we affirm.

### DISCUSSION

Whether the Board has jurisdiction to adjudicate a case on appeal is a question of law, which we review de novo. *See Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Although we may review the Board's conclusion that it lacks jurisdiction, we are bound by the administrative judge's factual determinations "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The MSPB has jurisdiction over appeals from "final decision[s] of the . . . Office of Personnel Management" "affecting the rights or interests of an individual . . . ." 5 C.F.R. § 831.110; 5 U.S.C. § 8347(d)(1). Decisions of the OPM are final when they are rendered on reconsideration or expressly issued as final decisions. 5 C.F.R. § 831.109.

However, an exception to the final decision requirement exists where OPM has constructively denied an individual the opportunity to receive a final decision. Typically, constructive denial occurs where OPM neglects to inform the petitioner of the right to seek reconsideration of a retirement application decision, *see Richards v. Office of Pers. Mgmt.*, 29 M.S.P.R. 310, 312 (1985), improperly denies an opportunity for reconsideration, *see Phillips v. Veterans Admin.*, 21 M.S.P.R. 409, 412 (1984),

or fails to issue a decision within a reasonable time, *see Okello v. Office of Pers. Mgmt.*, 120 M.S.P.R. 498, 502–504 (2014). In determining whether there has been constructive denial of a final decision, the MSPB considers OPM's express representations regarding the allegedly forthcoming decision, as well as a litigant's diligence in requesting a decision. *Id.* at 503.

Turning to the facts of this case, after OPM issued an initial decision denying Mr. Malone's application, Mr. Malone requested reconsideration on July 15, 2013. Mr. Malone does not dispute—and did not dispute at the MSPB—that OPM has not rendered an opinion on his motion for reconsideration. It is also undisputed that OPM properly informed Mr. Malone of his right to request reconsideration and that OPM did not improperly deny Mr. Malone an opportunity for reconsideration. Therefore, the only issue presented by this appeal is whether OPM constructively denied Mr. Malone a final decision by failing to issue a decision on Mr. Malone's reconsideration motion within a reasonable time.

We find that Mr. Malone has not been constructively denied a final decision. This case is most similar to *Nava v. Merit Systems Protection Board*, No. 94-3424, 1994 WL 623989 (Fed. Cir. Nov. 10 1994). In *Nava*, the petitioner "filed one request for reconsideration and waited approximately five months before filing an appeal." *Id.* at *1. OPM also represented to the MSPB that it intended to issue a final decision on the petitioner's request for reconsideration. *Id.* This court affirmed the MSPB's dismissal for lack of jurisdiction. *Id.*

Here, Mr. Malone requested reconsideration of OPM's initial decision and appealed to the MSPB after nine months passed without a decision. The MSPB credited OPM's representations that it intended to issue a decision on Mr. Malone's request for reconsideration, and noted that Mr. Malone had not inquired about the status of his

reconsideration request before filing an appeal. This court has previously found that a sixteen-month delay did not amount to a constructive denial of a final decision. *See McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.B. 70, 74 (1994), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994). No other circumstances indicate that OPM does not intend to issue a final decision in Mr. Malone's case. *See Okello*, 120 M.S.P.R. 498, 502–504 (finding that a six year pendency with no decision despite petitioner's diligence in seeking a final decision was a constructive denial); *Easter v. Office of Pers. Mgmt.*, 102 M.S.P.R. 568, 571 (2006) (holding that an eighteen-month delay with no acknowledgment of petitioner's application was constructive denial). Mr. Malone may appeal the substantive merits of his case once OPM issues a final decision. For the time being, though, we affirm the MSPB's dismissal of Mr. Malone's appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

Each party shall bear its own costs.