NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERLINDA DOMINADO,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1133

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0490-I-1.

---

Decided: March 10, 2016

---

ERLINDA DOMINADO, FPO, AP, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* REYNA and CHEN, *Circuit Judges.*

PER CURIAM.

Erlinda Dominado appeals from the final decision of the Merit Systems Protection Board ("MSPB" or "Board"). The Board dismissed her appeal for lack of jurisdiction, as the Office of Personnel Management had not yet issued a final decision on her application for death benefits under the Civil Service Retirement System. Because the Board correctly determined that it lacked jurisdiction over Ms. Dominado's appeal, we affirm.

BACKGROUND

Between June 30, 2014, and March 2, 2015, Ms. Dominado filed an application with the Office of Personnel Management ("OPM") for death benefits under the Civil Service Retirement System ("CSRS") on the basis of the federal service of her deceased spouse. On April 15, 2015, lacking any decision on her application, Ms. Dominado filed an appeal with the MSPB. The administrative judge issued an order advising Ms. Dominado that the Board may lack jurisdiction over her appeal, as its jurisdiction over CSRS matters does not vest until after OPM issues a final decision. The order did note an exception to this general rule, citing *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498 (2014): the Board may exercise jurisdiction if OPM refuses or improperly fails to issue a final decision. The order explained that, in such circumstances, the appellant must make a showing that she has made repeated requests for a final or reconsideration decision, and the evidence indicates that OPM does not intend to issue such a decision.

Ms. Dominado responded to the order, arguing that her appeal fell within the *Okello* exception. OPM moved to dismiss for lack of jurisdiction. The administrative judge granted OPM's motion and dismissed the appeal, finding that the *Okello* exception did not apply. Ms. Dominado petitioned for review, and the Board affirmed. *Dominado v. Office of Pers. Mgmt.*, SF–0831–15–0490–I–1, 2015 WL 5315804 (M.S.P.B. Sept. 14, 2015) ("Board

Decision"). Ms. Dominado now appeals to us. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Ms. Dominado has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i); *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

We conclude that the Board properly dismissed Ms. Dominado's appeal for lack of jurisdiction. The MSPB's jurisdiction is limited to those matters over which it has specifically been granted jurisdiction by any law, rule or regulation. 5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). This jurisdiction includes review of "an administrative action or order affecting the rights or interests of an individual" under the CSRS as administered by OPM. 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 831.110. Ordinarily, this means the MPSB can assume jurisdiction over a CSRS appeal only after OPM has issued a "final decision," e.g., a reconsideration decision or an initial decision that OPM designates as a final decision. 5 C.F.R. §§ 831.109; 831.110; 841.306; 841.307. It is undisputed that OPM did not issue either of these types of decisions here.

However, the MSPB also has a series of precedents allowing it to exercise jurisdiction over retirement matters in which OPM "has refused or improperly failed to issue a final decision." *Okello v. Office of Pers. Mgmt.,* 120 M.S.P.R. 498, 502 (2014); *see Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) ("However, an exception to the final decision requirements exists where OPM has constructively denied an individual the opportunity to receive a final decision.").

For example, in *Okello*, the Board exercised jurisdiction when OPM failed to issue a final decision after over six years of dispute, and after repeated attempts by the appellant to procure a final decision. 120 M.S.P.R. at 503. Based on these facts, the Board concluded that OPM had "effectively abdicated its role of adjudicating [the] claim." *Id.* at 504. Similarly, in *Easter*, the Board exercised jurisdiction when OPM did not acknowledge receipt of an application and failed to take action for over eighteen months. *Easter v. Office of Pers. Mgmt.*, 102 M.S.P.R. 568, 571 (2006).

Here, the Board considered whether it should exercise jurisdiction based on OPM's failure to act, and declined to do so. The Board noted that OPM's delay in this case was less than one year. And although Ms. Dominado made repeated requests for OPM to process her application, those requests were made in quick succession within one week, and the appeal was filed shortly thereafter.[1] The Board concluded that it lacked jurisdiction because Ms. Dominado "failed to submit any evidence to suggest that OPM does not intend to issue an initial or final decision." Board Decision at 4.

We agree. This case is not like the previous cases in which the Board has exercised jurisdiction in light of OPM's failure to act. Here, the process has not dragged

---

[1]    The Board Decision states that Ms. Dominado "submitted documentation appearing to show that she sent emails to various OPM employees on March 2, 3, 5, 6, and 8, 2015, demanding a decision on her application for death benefits." Board Decision at 3. These documents are not in the record before us, so we cannot review the Board's finding on this point. But that is beside the point, as Ms. Dominado does not rely on these documents—indeed, she does not even make an argument that she requested OPM to make a decision.

on for years, nor has OPM given any indication that it does not intend to act on Ms. Dominado's application. Absent these types of circumstances, the statutory authority to decide Ms. Dominado's application remains with OPM, and the Board lacks jurisdiction to act. *See, e.g.*, *McNeese v. Office of Pers. Mgmt.*, 61 M.S.P.R. 70 (1994); *Keira v. Merit Sys. Prot. Bd.*, 396 Fed. App'x. 703 (Fed. Cir. 2010).

Finally, the relief that Ms. Dominado requests of us is to vacate the Board's decision and remand the case to OPM. In effect, our decision achieves Ms. Dominado's goal. While we are affirming rather than vacating the Board's decision, the end result is that Ms. Dominado's case remains with OPM until a final decision is rendered, or circumstances arise indicating that OPM does not intend to issue a timely, appealable decision. At such time, Ms. Dominado may seek review before the Board.[2]

For these reasons, we affirm the Board's dismissal for lack of jurisdiction.

## AFFIRMED

### COSTS

Each party shall bear their own costs.

---

[2]    We note that Ms. Dominado's informal brief discusses the law applicable to incorrect retirement advice. She does not allege, however, that she has been given any incorrect retirement advice, explain the relevance of the law to her appeal, or otherwise identify any error in the Board's decision.