NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAFAEL A. JOSEPH,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-2241

---

Petition for review of the Merit Systems Protection Board in No. PH-0841-16-0228-I-1.

---

Decided: June 7, 2019

---

RAFAEL A. JOSEPH, Philadelphia, PA, pro se.

TREYER AUSTIN MASON-GALE, Office of General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

---

Before NEWMAN, DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Petitioner Rafael A. Joseph seeks review of a final decision of the Merit Systems Protection Board ("MSPB") dismissing for lack of jurisdiction his claim for retirement annuity against the Office of Personnel Management ("OPM"). *See Joseph v. Office of Pers. Mgmt.*, No. PH-0841-16-0228-I-1, 2016 WL 6837492 (M.S.P.B. Nov. 15, 2016)[1] (Resp't's App. 1–7). The MSPB held that it lacked jurisdiction over Mr. Joseph's MSPB appeal because "OPM has not issued an initial or final decision" in the matter. *Id.* at 1; *see id.* at 17−24 (MSPB Appeal). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012). We affirm.

BACKGROUND

In October 2011, after over thirty years working for the federal government, Mr. Joseph resigned from his employment with the U.S. Postal Service. *See id.* at 23. During his employment, he allegedly made contributions into the Federal Employees' Retirement System ("FERS"). *See id.*; *see also* Federal Employees' Retirement System Act of 1986, Pub. L. No. 99-335, 100 Stat. 514 (codified at 5 U.S.C. §§ 8343a, 8349–8351, 8401–8403, 8410–8425, 8431–8445, 8451–8456, 8461–8479 (2012)). After his separation, Mr. Joseph requested from OPM a refund of his FERS retirement contributions, Resp't's App. 23–24, and OPM allegedly issued Mr. Joseph a refund, *see id.* at 21, 23.

---

[1] An administrative judge ("AJ") issued an initial decision on November 15, 2016, *see* Resp't's App. 1, which became final when Mr. Joseph withdrew his previously filed petition for review, *see id.* at 8−12 (Order Granting Appellant's Withdrawal of Petition for Review); *see also* 5 C.F.R. § 1201.113 (2019) (providing "[t]he initial decision of the judge will become the [MSPB]'s final decision [thirty-five] days after issuance" unless, inter alia, "(a) . . . any party files a petition for review"). Therefore, we refer to the Initial Decision as the MSPB's Final Decision.

In March 2016, Mr. Joseph filed an appeal with the MSPB, contesting OPM's 2011 refund decision on the basis that OPM erroneously ruled that he was ineligible for FERS retirement annuity payments. *See id.* at 23−24, 25−32 (supplemental briefing by Mr. Joseph); *see also* 5 U.S.C. §§ 8410 ("[A]n employee . . . must complete at least [five] years of civilian service creditable . . . in order to be eligible for an annuity . . . ."), 8424(a) (explaining that a federal employee may, after separating from service, request and receive from OPM a lump-sum payment of the employee's past FERS retirement contributions, but that such a request "voids all annuity rights" under FERS). In April 2016, the AJ ordered Mr. Joseph to file a response in support of jurisdiction, explaining that the MSPB was not necessarily precluded from reviewing Mr. Joseph's appeal, but that he first "must submit evidence and argument establishing that he brought the refund issue to OPM's attention and [OPM] failed to advise him of his rights to request a reconsideration decision[,] and that [OPM] did not intend to issue any further decision." Resp't's App. 34–35. Mr. Joseph responded that "[OPM] issued a refund check" and the "[FERS refund] check is proof that [he] was found eligible for a refund not an annuity and [OPM] not issuing any reconsideration or appeal rights is proof of a final decision." *Id.* at 36; *see id.* at 36−40.

In November 2016, the MSPB dismissed Mr. Joseph's appeal for lack of jurisdiction, finding that OPM had neither issued an initial nor final decision in Mr. Joseph's appeal. *See id.* at 1−3. The MSPB reasoned "there is no record evidence that OPM has refused to issue a final decision," and further rejected Mr. Joseph's argument that OPM's issuance of the refund check constituted a final decision, stating that "[t]he check itself is evidence that OPM took some action; perhaps at [Mr. Joseph]'s request, but not that it considered its action erroneous." *Id.* at 2; *see id.* ("[The check] is certainly not evidence that [OPM] considered the issue[] raised by [Mr. Joseph] and had the

opportunity to either sustain its initial action or reverse it.").  The MSPB also noted how OPM had previously "advised . . . that it will issue a final decision in this matter [about Mr. Joseph's eligibility for a retirement benefit effective on his resignation date of October 31, 2011] once the instant appeal has been adjudicated," and that "[the AJ] will hold OPM to that promise" such that "[Mr. Joseph] is advised that he may file an appeal from any future OPM reconsideration decision concerning the propriety of issuing him refund check rather than a retirement annuity." *Id.*; *see id.* at 33 (Letter from OPM to AJ).

## DISCUSSION

### I. Standard of Review

We will set aside the MSPB's decision when it is, inter alia, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 7703(c)(1), (3).  We review whether the MSPB has jurisdiction over an appeal de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).  "The petitioner bears the burden of establishing error in the MSPB's decision." *Jenkins v. Merit Sys. Prot. Bd.*, 911 F.3d 1370, 1373 (Fed. Cir. 2019) (internal quotation marks, brackets, and citation omitted).

The MSPB has jurisdiction over "an administrative action or order affecting the rights or interests of an individual . . . under [the FERS as] administered by [OPM]," 5 U.S.C. § 8461(e)(1); *see Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1377 (Fed. Cir. 2006) (stating that the MPSB has statutory jurisdiction over OPM's administration of the law establishing FERS), which typically issues its determination as a final decision, *see* 5 C.F.R. § 841.308 ("[A]n individual whose rights or interests under FERS are affected by a *final decision* of OPM may request MSPB to review the decision . . . ." (emphasis added)).  For purposes of OPM decisions under FERS, OPM's regulations identify two types of decisions that are final and appealable to the

MSPB: (1) a "reconsideration" decision, under 5 C.F.R. § 841.306(e) and (2) a decision that expressly provides for an opportunity to appeal without "an opportunity [for a claimant] to request reconsideration," under 5 C.F.R. § 841.307.[2]

## II. The MSPB Lacks Jurisdiction over Mr. Joseph's Appeal

Mr. Joseph contends the MSPB erred in dismissing his challenge to OPM's refund decision, arguing that he was entitled to an annuity from OPM. Pet'r's Br. 1. He further claims that "OPM failed to respond to [his request] for reconsideration." *Id.* We disagree.

The MSPB did not err in determining that it lacked subject-matter jurisdiction over Mr. Joseph's appeal. Mr. Joseph has failed to identify any supporting evidence of the alleged refund or any initial or final written decision by OPM on the issue of his entitlement to a refund of FERS payments rather than a retirement annuity. *See generally id.* Additionally, Mr. Joseph has not alleged with any supporting evidence that he filed a request for reconsideration before OPM. *See generally id.* The record similarly lacks evidence of a refund check, or an initial or final decision by OPM. *See generally* Resp't's App. Therefore, Mr. Joseph has failed to meet his burden to prove that OPM has issued an initial or final decision with notice of MSPB appeal rights. *See Jenkins*, 911 F.3d at 1373.[3] Although this court

---

[2] By contrast, an OPM "decision subject to reconsideration" is not a final decision appealable to the MSPB under OPM's regulations. 5 C.F.R. § 841.305(b).

[3] We are aware that the MSPB has previously held that jurisdiction existed where OPM "has refused or improperly failed to issue a final decision" such as failing to issue a decision within a reasonable time. *Stillwell v. Merit Sys. Prot. Bd.*, 629 F. App'x 998, 999 (Fed. Cir. 2015)

generally interprets the pleadings of a pro se petitioner liberally, *see*, *e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), we may not "take a liberal view of [a] jurisdictional requirement [such as the requirement to have a final decision] and set a different requirement for pro se litigants only," *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (italics omitted).  Because Mr. Joseph filed his MSPB appeal before obtaining a final, appealable decision by OPM, the MSPB correctly found his appeal premature.

Mr. Joseph also makes three general allegations in passing, which he raises for the first time in his briefing on appeal, that his resignation was "coerced," that OPM "violat[ed]" a collective bargaining agreement, and that he is owed "[d]isability [r]etirement."  Pet'r's Br. 1; *see* Resp't's App. 23−40 (Mr. Joseph's briefing before the MSPB).  However, these arguments similarly go to the merits of Mr. Joseph's appeal, which we have no jurisdiction over.  Mr. Joseph may, if he chooses and if properly exhausted, make

---

(internal quotation marks omitted) (citing *Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) (explaining that for "constructive denial of a final decision, the MSPB considers OPM's express representations regarding the allegedly forthcoming decision, as well as a litigant's diligence in requesting a decision")); *see Nava v. Merit Sys. Prot. Bd.*, 41 F.3d 1520 (Table) (Fed. Cir. 1994) (acknowledging that the MPSB has held in another case that OPM's fourteen-month delay in responding to an individual's request for reconsideration did not preclude MSPB jurisdiction).  Here, however, OPM has expressly stated it will be issuing a final decision on the merits of Mr. Joseph's MSPB Appeal, *see* Resp't's App. 33, and therefore we do not find constructive denial as an applicable, narrow exception permitting the MSPB to take jurisdiction in this case without a final or reconsideration decision from OPM.

these arguments regarding OPM's actions after OPM issues its decision, but this court will not consider them here. Accordingly, we affirm the MSPB's dismissal of this case for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Joseph's remaining arguments and conclude that they are without merit. The Final Decision of the Merit Systems Protection Board is

## **AFFIRMED**

## COSTS

No costs.