NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JESSE B. PLASOLA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2019-2453

_____

Petition for review of the Merit Systems Protection Board in No. SF-0841-19-0308-I-1.

_____

Decided:  March 17, 2020

_____

JESSE B. PLASOLA, Oxnard, CA, pro se.

SARA B. REARDEN, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE MICHELLE SMITH, TRISTAN LEAVITT.

_____

Before PROST, *Chief Judge*, CLEVENGER and MOORE, *Circuit Judges.*

PER CURIAM.

Jesse Plasola petitions for review of a Merit Systems Protection Board ("Board") decision dismissing an appeal for lack of jurisdiction regarding a challenge to an Office of Personal Management ("OPM" or "Agency") decision. *See Plasola v. Office of Pers. Mgmt.*, No. SF-0841-19-0308-I-1, 2019 WL 2745979 (M.S.P.B. June 26, 2019) ("*Decision*"). We affirm.[1]

I

Mr. Plasola is a Federal Employee Retirement System ("FERS") annuitant. A California state court awarded Mr. Plasola's former spouse a marital share of his retirement benefits. OPM then notified Mr. Plasola that OPM would be withholding some of Mr. Plasola's FERS benefits and start providing his former spouse a recurring monthly benefit. On March 19, 2019, Mr. Plasola filed an appeal with the Board challenging both OPM's actions and the underlying California state court order.

On March 22, 2019, the administrative judge issued an Acknowledgement Order that explained that the Board "may not have jurisdiction over the matters raised in this appeal and notified [Mr. Plasola] of his burden to non-frivolously allege facts showing such jurisdiction." *Decision*, slip op. at 2. The Acknowledgement Order noted that Mr. Plasola may demonstrate that the Board has jurisdiction over his appeal if Mr. Plasola can show, by a preponderance of the evidence, that OPM issued a final decision.

---

[1]    On January 15, 2020, Mr. Plasola submitted a request for judicial notice. We grant this request. We also previously granted his November 20, 2019 request for judicial notice. In formulating its opinion, the panel assessed the relevance of these additional documents.

After Mr. Plasola filed his response to the Acknowledgement Order, the Agency moved to dismiss. On June 26, 2019, the administrative judge granted the Agency's motion to dismiss. In concluding that Mr. Plasola did not establish that the Board had jurisdiction over his appeal, the administrative judge first found that Mr. Plasola's submissions did not demonstrate that OPM issued a final decision. The administrative judge further determined that there was no evidence that OPM refused to issue a final decision.

The initial decision became the Board's final decision and Mr. Plasola petitioned for our review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Mr. Plasola bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2). The Board's jurisdiction in reviewing an OPM decision is generally limited to appeals involving a final decision. *See Dominado v. Merit Sys. Prot. Bd.*, 641 F. App'x 1001, *1003 (Fed. Cir. Mar. 10, 2016) (citing 5 C.F.R. §§ 831.109, 831.110, 841.306, 841.307).

## III

On petition for review, Mr. Plasola argues that "OPM did not render a decision in the statutory time" and that he "had to assume his claim was ignored and denied by OPM." Petr's's Informal Br. at 1.[2] We disagree. Mr. Plasola does

---

[2]    In his reply brief, Mr. Plasola argues that he is challenging "the constitutionality of the state court['s] order and jurisdiction." Petr's's Reply Br. 2–3. He posits that such challenges are outside of the jurisdiction of OPM and

not provide any support that his claim was ignored and denied by OPM. Rather, the record reflects that on October 8, 2019 OPM sent Mr. Plasola a letter informing him that his "request for reconsideration dated July 15, 2019, has been reviewed in accordance with the applicable sections of Title 5, Code of Federal Regulations. [OPM] cannot make a final decision at this time. . . . [OPM] will make a final decision when [OPM has] all the information [OPM] need[s]." *Plasola v. Merit Sys. Prot. Bd.*, No. 19-2453, Notice to the Court, ECF No. 19 (Nov. 20, 2019).

In addition, and as we have previously acknowledged, in limited instances the Board has found jurisdiction when OPM "has refused or improperly failed to issue a final decision." *Dominado*, 641 F. App'x at *1003 (quoting *Okello v. Office of Pers. Mgmt.*, 120 M.S.P.R. 498, 502 (2014)); *see also Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, *1003 (Fed. Cir. Feb. 4, 2015). In these instances, the Board has exercised jurisdiction because the process to obtain a final decision had "dragged on for years," or OPM had given an indication that it did not intend to act. *See Dominado*, 641 F. App'x at *1003; *see also Malone*, 590 F. App'x at *1003–04. Here, the case has not dragged on for years and OPM has not provided any indication that it does not intend to issue a final decision. Accordingly, we disagree with Mr. Plasola that his claim was ignored and denied by OPM. We, therefore, agree with the administrative judge that Mr. Plasola did not establish the Board's jurisdiction by a preponderance of the evidence.

As in *Dominado*, our decision to affirm the administrative judge's determination results in the "case remain[ing] with OPM until a final decision is rendered, or

---

as such, we should assume jurisdiction of these challenges. *Id.* Putting aside that this argument was first raised in Mr. Plasola's reply brief, these challenges are outside the scope of our jurisdiction. *See* 28 U.S.C. § 1295.

circumstances arise indicating that OPM does not intend to issue a timely, appealable decision." *Dominado*, 641 F. App'x at *1004. "At such time, [Mr. Plasola] may seek review before the Board." *Id.*

## AFFIRMED

### COSTS

The parties shall bear their own costs.