UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

THOMAS A. BRISCOE,
                Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,
                Agency.

DOCKET NUMBER
CH-831M-17-0188-I-1

DATE: July 28, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas A. Briscoe</u>, Houston, Texas, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction because the Office of Personnel Management (OPM) had not issued a reconsideration decision. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we DENY the petition for review as moot, as OPM issued a final decision concerning the subject of the appeal after the initial decision was issued, and FORWARD the appellant's filings received on May 4, 2017 to the Board's regional office for docketing as a new appeal.

¶2      The appellant was employed by the U.S. Postal Service from September 1980 until October 1987, and at the end of this period of service, he applied for and received a refund of his contributions to the Civil Service Retirement System.  Initial Appeal File (IAF), Tab 1 at 7-8, Tab 8, Subtab B at 4, 6.  He was later reemployed by the U.S. Postal Service, where he currently serves as a Ramp Clerk.  IAF, Tab 1 at 1, 7-8.  In October 2016, the appellant applied to OPM to redeposit his refunded retirement contributions.  IAF, Tab 8, Subtab B at 6, 9.  On December 21, 2016, OPM issued the appellant a civil service deposit account statement setting forth the amount of the retirement contributions he was required to redeposit and the interest he owed on the redeposit amount.  *Id.* at 13.

¶3      On February 1, 2017, the appellant filed a Board appeal contesting the amount of interest he owed in addition to the redeposit amount and requested a hearing.  IAF, Tab 1.  OPM moved to dismiss the appeal for lack of jurisdiction because it had not issued a final decision regarding the issues raised in the appeal.  IAF, Tab 10.  The administrative judge ordered the appellant to file evidence and

argument showing that the Board had jurisdiction over his appeal, and the appellant filed a response opposing dismissal of his appeal. IAF, Tabs 11-12. The administrative judge issued an initial decision finding that OPM had not issued a final decision regarding the issues raised in the appeal and the Board thus lacked jurisdiction over the appeal. IAF, Tab 14, Initial Decision (ID) at 3-4. Accordingly, she dismissed the appeal for lack of jurisdiction without holding a hearing. ID at 4.

¶4     On May 1, 2017, the appellant timely filed a petition for review in which he alleged that the Board had jurisdiction over his appeal because OPM had unreasonably failed to issue a final decision, despite his multiple communications with the agency. Petition for Review (PFR) File, Tab 1 at 1-2. He also alleged that OPM and the U.S. Postal Service had committed prohibited personnel practices and constitutional violations by failing to provide him with information about the redeposit amount.[2] *Id.* at 2-10. On May 2, 2017, the appellant filed an April 26, 2017 final decision from OPM denying his request to waive the interest owed on his redeposit, which he asserted he received after he filed his petition for review.[3] PFR File, Tab 2. The agency opposed the petition for review, and the appellant filed a reply to the opposition. PFR File, Tabs 6-7.

---

[2] We do not address these two arguments, as absent an appealable action, the Board is without jurisdiction to hear them. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). The appellant may raise these issues in the new appeal to be docketed. Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.

[3] The appellant mailed his petition for review on May 1, 2017, and the supplemental filing on May 2, 2017; both were received by the Clerk of the Board on May 4, 2017. PFR File, Tabs 1-2. He also submitted OPM's final decision to the Board's Central Regional Office; however, the Clerk of the Board informed him the final decision was a part of the record on review and that the Board would not take further action on the submission. PFR File, Tab 4.

¶5    In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). As an exception to this general rule, however, the Board may assert jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision. *Id.* at 74. The administrative judge properly found that the Board did not have jurisdiction over the appeal, as OPM had not issued a final decision at the time the initial decision was issued. ID at 3-4. Any error the administrative judge may have committed in failing to determine whether OPM had refused or improperly failed to issue a final decision is moot, as OPM has now issued a final decision. PFR File, Tab 2 at 2; *see Malone v. Merit Systems Protection Board*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) ("However, an exception to the final decision requirements exists where OPM has constructively denied an individual the opportunity to receive a final decision.").[4] The record reflects that the appellant submitted OPM's final decision to the Board within 30 days of the date of OPM's decision. *Id.* at 1-2; *see* 5 C.F.R. § 1201.22(b). Given the appellant's timely request to appeal OPM's final decision, it is appropriate to forward the appellant's filings received on May 4, 2017 to the regional office for docketing as a new appeal.

¶6    Accordingly, the appellant's petition for review is denied as moot, and the appellant's filings received on May 4, 2017 are forwarded to the regional office for docketing as a new appeal.

---

[4] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                           _____
                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.