NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CECIL ALLEN SANDERS, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2023-2058

_____

Petition for review of the Merit Systems Protection Board in No. AT-0843-17-0575-I-1.

_____

Decided: May 17, 2024

_____

CECIL ALLEN SANDERS, JR., Lakeworth, FL, pro se.

ELIZABETH W. FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before PROST, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Cecil Allen Sanders, Jr. appeals a final decision of the Merit Systems Protection Board ("Board"), denying review and dismissing his appeal for lack of jurisdiction. We affirm.

On March 31, 2017, the Office of Personnel Management ("OPM") issued an initial decision denying Mr. Sanders' claim for survivor annuity under the Federal Employee Retirement System ("FERS"), which was based on his deceased spouse's service as a federal employee. The initial decision expressly stated that it was an "initial decision." App'x 22.[1] It further provided instructions for requesting reconsideration if the claimant, here Mr. Sanders, "wish[ed] to dispute [the] findings." *Id.*

On June 14, 2017, Mr. Sanders filed an appeal to the Board alleging that OPM improperly denied him survivor benefits. In his appeal form, Mr. Sanders indicated that he had not "received a final or reconsideration decision from OPM." App'x 33. OPM then moved to dismiss the Board appeal for lack of jurisdiction, pointing out that it had never issued a final decision to Mr. Sanders because he had not requested reconsideration. Mr. Sanders responded to the motion, but did not dispute the lack of final decision or his failure to request reconsideration. A Board administrative judge ("AJ") issued a decision on August 15, 2017, granting OPM's motion and dismissing the appeal.

Mr. Sanders next filed a petition seeking Board review of the AJ's decision. In his petition, Mr. Sanders argued for the first time that after receiving OPM's initial decision, he "immediately sent a reconsideration" to OPM but "ha[d] not been sent anything" in response. App'x 21.

The Board then issued a final order on June 2, 2023, denying the petition for review and affirming the AJ's

---

[1] "App'x" refers to the appendix filed with the government's informal brief.

dismissal order.  Based on its finding that Mr. Sanders had not received sufficient notice of his burden to establish jurisdiction, *see Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643 (Fed. Cir. 1985), the Board addressed his newly-raised contentions relating to jurisdiction.  After doing so, it determined "[i]t is undisputed that OPM did not issue a reconsideration decision" and, further, Mr. Sanders "failed to provide any evidence showing that OPM has refused to issue a reconsideration decision, state the duration of the purported delay, or explain his efforts to contact OPM in the interim." App'x 3.

Mr. Sanders timely appealed.  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

We review whether the Board has jurisdiction over an appeal de novo.  *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).  The petitioner bears the burden to prove that the Board has jurisdiction over his appeal.  *See Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011); 5 C.F.R. § 1201.56(b)(2)(i)(A).

The Board's jurisdiction is "limited to those actions which are made appealable to it by law, rule, or regulation." *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 U.S.C. § 7701(a).  The Board has statutory jurisdiction over appeals of OPM's administration of FERS applications.  *See Miller v. Office of Pers. Mgmt.*, 449 F.3d 1374, 1377 (Fed. Cir. 2006); 5 U.S.C. § 8461(e)(1).  However, OPM's regulations limit this jurisdiction to "final decision[s] of OPM." 5 C.F.R. § 841.308.  A narrow exception to the final decision requirement "exists where OPM has constructively denied an individual the opportunity to receive a final decision." *Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015).

Mr. Sanders does not challenge the Board's determination that it lacked jurisdiction over his case.  Nor does he contend or even suggest that OPM constructively denied a request for reconsideration.  Therefore, we agree with the

Board that Mr. Sanders has not met his burden to show that the Board has jurisdiction over his appeal.

**AFFIRMED**

Costs

No costs.