NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAMARR PRICE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1495

---

Petition for review of the Merit Systems Protection Board in No. DA-844E-23-0376-I-1.

---

Decided:  November 6, 2024

---

LAMARR A. PRICE, Rosharon, TX, pro se.

KELLY WINSHIP, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON J. BOYLE, KATHERINE M. SMITH.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Lamarr Price, upon retiring from service as a federal government employee, began receiving a retirement annuity based on disability. The Office of Personnel Management (OPM) calculated the amount of the annuity, but Mr. Price disputed OPM's calculations in several communications with OPM. Eventually, he appealed to the Merit Systems Protection Board. The Board dismissed the appeal for lack of jurisdiction for want of a final OPM decision on Mr. Price's claim that the annuity should be higher. We now affirm.

I

Mr. Price began receiving a disability retirement annuity from the federal government on May 11, 2022. On May 27, 2023, he received a letter from OPM informing him of adjustments to his annuity beginning June 1, 2023. In early July 2023, he emailed OPM several times, alleging that it had erred in both its original calculation (for May 2022 to May 2023) and its new calculation (for June 2023 forward). He asked OPM to expedite its ruling on the claims of error, citing financial hardship incurred by him and his family.

OPM had not replied to his July emails when, on July 19, 2023, Mr. Price filed an appeal with the Merit Systems Protection Board, alleging that OPM erred in computing his annuity. On July 20, 2023, the assigned Board administrative judge issued an Acknowledgment Order, informing Mr. Price that the Board's jurisdiction would not vest until OPM had issued a final decision and that his appeal would be dismissed if he did not show that OPM had issued a final decision. SAppx22–23. Mr. Price responded with a few documents, none of them stating an OPM decision on his July 2023 claim of a miscalculation. SAppx43–46.

On October 25, 2023, OPM moved to dismiss the appeal because it had not issued a final decision. In response, Mr. Price pointed to his July 2023 emails

asserting a miscalculation. On December 12, 2023, the administrative judge issued an Order to Show Cause as to why the case should not be dismissed in light of Mr. Price's failure to show that OPM had issued a final decision. Mr. Price again responded that he had emailed OPM in July 2023 and did not receive a response.

On January 9, 2024, the administrative judge dismissed the appeal for lack of jurisdiction. The decision became final on February 13, 2024. Mr. Price timely petitioned us for review. ECF No. 4. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

We decide de novo whether the Board had jurisdiction. *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995). We see no error in the Board's determination of its lack of jurisdiction in this case.

The Board has jurisdiction over administrative actions and orders affecting the rights or interests of an individual or of the United States under the laws and regulations governing the Federal Employees Retirement System—a system administered by OPM in the respects at issue here. 5 U.S.C. § 8461(e)(1). As relevant here, the Board does not have jurisdiction over a retirement-related matter unless OPM has issued a final decision on the matter—either by issuing a reconsideration decision where reconsideration is available or by issuing an initial decision where reconsideration is not available. *See* 5 C.F.R. §§ 841.306, 841.307.

Here, there is no final decision. Mr. Price cannot succeed by pointing to OPM's decision on May 11, 2022, approving his application for a retirement disability annuity. Even if that decision were what he challenges and were not subject to reconsideration, he does not indicate how his appeal in July 2023 would be timely. *See*

5 U.S.C. § 7701(e) (establishing 30-day period for appeal); 5 C.F.R. § 1201.22(b)(1) (same). To the extent that his early-July 2023 communications with OPM alleging a miscalculation are viewed as seeking a legally available reconsideration of the May 2022 decision, there is no finality because OPM has not made a decision on reconsideration. To the extent that his early-July 2023 communications are viewed as asserting a new claim, there has been no initial decision on that claim. Mr. Price cites *Stekelman v. United States*, 752 F. App'x 1008 (Fed. Cir. 2018), but that decision offers him no support, as it involved a timely appeal to the Board after OPM reconsideration, *id.* at 1009.

Mr. Price argues that the Board should have exercised jurisdiction under a narrow exception to the finality requirement recognized by the Board for certain situations in which OPM has "effectively abdicated its role of adjudicating th[e] claim" by improperly failing to act on it. *See Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, 502–04 (2014) (failure to act for years); *see Easter v. Office of Personnel Management*, 102 M.S.P.R. 568, 571 (2006) (failure to act for over eighteen months with no explanation given); *see also Sanders v. Merit Systems Protection Board*, No. 2023-2058, 2024 WL 2239018, at *1 (Fed. Cir. May 17, 2024) ("A narrow exception to the final decision requirement 'exists where OPM has constructively denied an individual the opportunity to receive a final decision.'") (citing *Malone v. Merit Systems Protection Board*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015)). The exception does not apply here. There is no basis for any suggestion that OPM failed to take action to resolve this matter within a reasonable time. Mr. Price appealed to the Board in July 2023, the same month that he first emailed OPM regarding this matter, and OPM has stated that once Mr. Price's Board appeal is dismissed, it will proceed to an initial decision on the July 2023 assertions with rights to reconsideration.

## III

We therefore affirm the Board's dismissal of the appeal presented to it.

The parties shall bear their own costs.

**AFFIRMED**