NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELENA A. STILLWELL,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3184

---

Petition for review of the Merit Systems Protection Board in No. SF-0841-15-0135-I-1.

---

Decided: November 10, 2015

---

ELENA A. STILLWELL, Escondido, CA, pro se.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before TARANTO, PLAGER, and LINN, *Circuit Judges.*

PER CURIAM.

Elena A. Stillwell ("Stillwell") appeals from a decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing her appeal for lack of jurisdiction. *Stillwell v. Office of Personnel Mgmt.*, MSPB Docket No. SF-0841-15-0135-I-1 (Final Order, June 5, 2015; Initial Decision, Feb. 25, 2015). This court has jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

For the reasons set forth below, this court affirms the Board's dismissal of Stillwell's appeal.

## DISCUSSION[1]

This court reviews the Board's determination that it lacks jurisdiction de novo as a legal issue. *Forest v. Merit Sys. Protection Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The court reviews the Board's factual findings for substantial evidence. *Bolton v. Merit Sys. Protection Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board has jurisdiction over "[A]n administrative action or order affecting the rights or interests of an individual or of the United States under [the Federal Employees Retirement System ("FERS") as] administered by the Office [of Personnel Management ("OPM")]." 5 U.S.C. § 8461(e)(1). Ordinarily, this means the Board can assume jurisdiction over a FERS appeal from OPM only after OPM has issued either a reconsideration decision under 5 C.F.R. § 841.306, or an initial decision without reconsideration rights under 5 C.F.R. § 841.307. *Okello v. Office of Personnel Mgmt.*, 120 M.S.P.R. 498, 502 (2014). It is undisputed that OPM did not issue either of these types of decisions.

---

[1] Because we write for the parties, familiarity with the background of the case is assumed.

Before the Board, Stillwell argued for jurisdiction under a series of Board precedents, in which OPM's failure to take action (i.e. failure to issue an appealable decision) itself became "an administrative action or order affecting the rights or interests of an individual." This court has approved the Board taking jurisdiction over such situations where OPM "has refused or improperly failed to issue a final decision." *Id.*; *Malone v. Merit Sys. Protection Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) (nonprecedential) ("However, an exception to the final decision requirements exists where OPM . . . fails to issue a decision within a reasonable time.") (citing *Okello*, 120 M.S.P.R. at 502-04); *McNeese v. Office of Personnel Mgmt.*, 61 M.S.P.R. 70, 74 (1994), *aff'd* 40 F.3d 1250 (Fed. Cir. 1994) (Table).

In *Okello*, the Board found that OPM had "effectively abdicated its role of adjudicating [the] claim," *Okello*, 120 M.S.P.R. at 504, by failing to issue a final decision after over 6 years of dispute, *id.* at 503, and after repeated attempts by the appellant to procure a final decision. Similarly, in *Easter*, OPM did not acknowledge receipt of an application, and failed to take any action for over 18-months. *Easter v. Office of Personnel Mgmt.*, 102 M.S.P.R. 568, 571 (2006). Because the Board concluded that OPM did not intend to adjudicate the application, the Board assumed jurisdiction. *Id.*

Here, the Board considered but rejected Stillwell's argument that OPM's inaction was sufficient to vest jurisdiction with the Board. The Board noted the short six months between Stillwell's application and her appeal, and concluded that "[t]his appeal presents none of the[] compelling circumstances" of *Okello*. The Board made clear that the communications between Stillwell and OPM should have "assured [her] that once she supplied information that would assist with locating her husband's records, the agency would respond." The Board thus dismissed Stillwell's appeal.

We agree with the Board. This case is not like *Okello* or *Easter*. Here, Stillwell began corresponding with OPM regarding her application in July of 2014, received responses indicating some difficulties attaining her husband's records, and asking for more information. When Stillwell requested a final decision in November of 2014, she received a response from a senior OPM administrator apologizing for the delay, and explaining that the delay was caused by the search for her husband's service records. The letter stated: "Once the search is completed we will be able to respond to your application. Thank you for your continued patience in this process." Stillwell did not wait for OPM, but filed an appeal to the Board the next week.

The statutory authority to decide a FERS application rests initially with OPM, and will remain with OPM until a final or reconsideration decision is reached, or some basis exists to conclude that OPM refuses or does not intent to act. In light of the short delay between initiation and Stillwell's filing, and OPM's clear indication of its intent to issue a decision, this is not a case where OPM has abdicated its role to adjudicate the dispute. From July of 2014 through Stillwell's filing on November 24, 2014, OPM indicated its intent to issue a decision once the necessary administrative prerequisites were met, and there is no reason to suppose that OPM will not act on Stillwell's filing. Because OPM has not "refused or improperly failed to issue a final decision," *Okello*, 120 M.S.P.R. at 502, and because OPM *does* intend to adjudicate the issue, this case does not fall within the narrow "exception" permitting Board jurisdiction without a final or reconsideration decision from OPM.

In Stillwell's informal brief to this court, she indicates reliance on the following laws and regulations: 5 C.F.R. § 1201.3(a)(2); 5 USC §§ 8347(d)(1) and (d)(2); and 5 U.S.C. § 8461(e)(1). Each of these sections vests appellate jurisdiction in the Board only after a decision of OPM

that "affect[s] the rights or interests of an individual," which, as discussed above, requires an appealable decision by OPM or OPM's refusal to issue such a decision. Neither has occurred in this case.

We therefore affirm the Board's dismissal of this case for lack of jurisdiction.

**AFFIRMED**

COSTS

Each party shall bear its own costs.