NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID SHU,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1440

---

Petition for review of the Merit Systems Protection Board in No. SF-0353-15-0515-I-1.

---

Decided: May 12, 2017

---

DAVID SHU, Las Vegas, NV, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before PROST, *Chief Judge,* LOURIE, and STOLL, *Circuit Judges.*

PER CURIAM.

David Shu appeals a final decision of the Merit Systems Protection Board. Because the Board properly dismissed Mr. Shu's claims for lack of jurisdiction, we affirm.

## BACKGROUND

The facts related to this appeal involve several prior or overlapping proceedings. Mr. Shu began working for the United States Postal Service as a Part-Time Flexible Letter Carrier in March 2002. In 2003, he suffered a compensable injury, after which he was absent from work and removed by the agency without leave for irregular attendance/absence. Mr. Shu requested reinstatement in March 2009 and ultimately returned to duty as a Full-Time Letter Carrier in November 2010. After multiple appeals and remands, the Administrative Judge ("AJ") in Mr. Shu's case ordered, *inter alia*, that the Postal Service provide Mr. Shu service credit for the entire period of absence, from December 12, 2003 to November 6, 2010. *Shu v. U.S. Postal Serv.*, SF-0353-11-0065-B-2, slip op. (M.S.P.B. Sept. 25, 2014) ("*Shu* B-2"). The AJ's initial decision became the final decision of the Board on October 30, 2014. Mr. Shu later filed a petition for enforcement challenging the Postal Service's compliance with the decision in *Shu* B-2, which as of December 21, 2016, is still pending before the Board.

On September 27, 2013, the Postal Service issued Mr. Shu an Emergency Placement in Off-Duty Status letter for failure to report a September 21, 2013 vehicle accident involving an agency vehicle and a privately owned vehicle. *Shu v. U.S. Postal Serv.*, SF-0752-14-0011-I-1, 2014 WL 5424298, at *2 (M.S.P.B. Oct. 23, 2014). Mr. Shu appealed to the Board, asserting, *inter alia*, that his prior failure to restore claim was the real reason for the emergency placement. The AJ dismissed the appeal, finding that Mr. Shu had failed to nonfrivo-

lously allege jurisdiction over the appealed matter on any basis. Specifically, as to Mr. Shu's allegation that the emergency placement was connected to his pending restoration claim, the AJ found that the "record reflect[ed] that the emergency placement was based on an unreported September 21, 2013 motor vehicle accident in a government vehicle, a matter substantially unrelated to a compensable injury." *Id.* at *3. The Board affirmed the AJ's dismissal of the appeal.

On November 4, 2013, Mr. Shu was issued a notice of removal for Unacceptable Conduct/Failure to Report an Accident occurring on September 21, 2013. In 2015, an arbitrator found just cause for the removal. Mr. Shu then appealed his removal to the Board. After receiving an order setting forth the jurisdictional burdens, Mr. Shu argued that the Board had jurisdiction under 5 C.F.R. § 353.304 because his appealed removal "was not substantially unrelated to his injury and/or the agency had improperly rescinded its prior restoration." *Shu v. U.S. Postal Serv.*, SF-0353-15-0515-I-1, slip op. (M.S.P.B. June 21, 2016). The AJ issued an order to show cause, explaining that the Board did not appear to have jurisdiction over his removal on any basis and ordered Mr. Shu to file evidence and/or argument on the issue of jurisdiction.

After receiving Mr. Shu's response, the AJ issued an initial decision dismissing Mr. Shu's appeal for lack of jurisdiction. The AJ found that Mr. Shu failed to nonfrivolously allege Board jurisdiction over his removal as an adverse action under Chapter 75 of Title 5. The AJ additionally found that the Board did not have jurisdiction over Mr. Shu's restoration claim because there was no evidence in the record to indicate that he suffered a compensable injury following his return to work on November 6, 2010, and the record reflected that his removal was based on the unreported September 21, 2013 motor vehicle accident, a matter substantially unrelated to a compensable injury. Mr. Shu petitioned the Board for

review, but in December 2016 the Board denied the petition and affirmed the initial decision. *Shu v. U.S. Postal Serv.*, SF-0353-15-0515-I-1, 2016 WL 7335242, at *1 (M.S.P.B. Dec. 2, 2016).

Mr. Shu appealed the Board's December 2016 decision to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review decisions of the Board on a limited basis, setting aside Board actions, findings, or conclusions only if we find them to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board had jurisdiction over Mr. Shu's claims is a question of law that this court reviews de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). Mr. Shu bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

The Board's jurisdiction is limited to those matters over which it has been specifically granted jurisdiction by a law, rule, or regulation. 5 U.S.C. § 7701(a); *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). We find that the Board properly dismissed Mr. Shu's appeal for lack of jurisdiction.

## I.

"As a general matter, the Board does not have jurisdiction over adverse actions taken against employees of the postal service." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998); *see also* 5 U.S.C. § 7511(b)(8). In certain circumstances, however, Congress has extended Title 5 to cover Postal Service employees.

Subchapter II of Chapter 75 of Title 5, and thus the Board's jurisdiction, extends:

> (i) to any preference eligible in the Postal Service who is an employee within the meaning of section 7511(a)(1)(B) of such title; and
>
> (ii) to any other individual who—
>
>> (I) is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and
>>
>> (II) has completed 1 year of current continuous service in the same or similar positions.

39 U.S.C. § 1005(a)(4)(A).

Mr. Shu does not allege, and there is nothing in the record to suggest, that he is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. Thus, the Board properly found that Mr. Shu did not have the right to challenge his removal before the Board as an adverse action appeal under Chapter 75 of Title 5.

## II.

Mr. Shu contends, however, that the 2013 removal action was an attempt to deprive him of his restoration rights stemming from his 2003 compensable injury. However, "separation for cause that is substantially unrelated to the injury . . . negates restoration rights." 5 C.F.R. § 353.108. Thus, "[a]n employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the

Board." *Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 282 (Fed. Cir. 1987).

As the Board correctly found, there is no evidence demonstrating that Mr. Shu suffered a compensable injury following his return to work in 2010 or that his 2013 removal was not substantially unrelated to his 2003 compensable injury. Rather, the evidence demonstrates that his removal was based on an unreported motor vehicle accident in September 2013, a matter substantially unrelated to any compensable injury. Thus, Mr. Shu has not met his burden of establishing the Board's jurisdiction over this appeal based on restoration rights.

Finally, Mr. Shu argues that the Postal Service has failed to comply with the Board's decision in *Shu* B-2. As explained above, however, Mr. Shu filed a petition for enforcement challenging the Postal Service's compliance with the *Shu* B-2 decision, which as of December 21, 2016, is still pending before the Board. As this issue is pending in a separate appeal before the Board, it is not properly before us in this appeal. Accordingly, we find that the Board properly dismissed Mr. Shu's appeal in this case for lack of jurisdiction.

## CONCLUSION

We have carefully considered Mr. Shu's remaining arguments and determined that they lack merit. For the reasons stated above, we affirm.

## **AFFIRMED**

### COSTS

No costs.