NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID SHU,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**OFFICE OF PERSONNEL MANAGEMENT,**
*Intervenor*

---

2020-2055

---

Petition for review of the Merit Systems Protection Board in No. SF-0842-20-0488-I-1.

---

Decided:  February 10, 2021

---

DAVID SHU, Camarillo, CA, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

STEPHANIE FLEMING, Commercial Litigation Branch,

Civil Division, United States Department of Justice, Washington, DC, for intervenor.  Also represented by JEFFREY B. CLARK, LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR.

―――――――――――――

Before LOURIE, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner David Shu appeals a final decision of the Merit Systems Protection Board ("Board").  Because the Board properly dismissed Mr. Shu's claim for lack of jurisdiction, we *affirm*.

## BACKGROUND

Mr. Shu began working for the United States Postal Service as a letter carrier in 2000 or 2001.  On September 21, 2003, Mr. Shu was injured on the job, after which he was absent from work.  On November 7, 2003, during his absence, he was discharged on a charge of irregular attendance.  After an appeal, Mr. Shu was reinstated on November 6, 2010 and continued to work as a letter carrier.  The administrative law judge in Mr. Shu's case ordered the Postal Service to credit Mr. Shu with the period of his absence from work for purposes of receiving retirement benefits.  *See Shu v. Merit Sys. Prot. Bd.*, 689 F. App'x 971, 972 (Fed. Cir. 2017).

On September 21, 2013, while on duty and driving a postal vehicle, Mr. Shu was involved in an accident with a privately-owned vehicle.  *See id.* at 972–73 (citing *Shu v. U.S. Postal Serv.*, SF-0752-14-011-I-1, 2014 WL 5424298, at *2 (M.S.P.B. Oct. 23, 2014)).  On November 4, 2013, the Postal Service terminated Mr. Shu's employment on the basis of workplace misconduct for failure to report an accident.  In 2015, an arbitrator found just cause for removal, and the removal became effective on March 24, 2015.  Mr. Shu appealed to the Board, which dismissed for lack of

jurisdiction, and we affirmed. *See generally Shu*, 689 F. App'x 971.

After his removal, the Postal Service notified Mr. Shu that he met the age and service requirements to apply for an annuity under the Federal Employees' Retirement System and that, if he had filed an application for retirement, he could contact the Office of Personnel Management ("OPM") for information on the status of his claim. Mr. Shu emailed OPM on March 31, 2015, October 8, 2019, October 13, 2019, and October 25, 2019, to inquire whether he was eligible for an annuity, which retirement package he should select, and how much money he would receive. Mr. Shu asserts that OPM never responded except via automated replies to confirm the receipt of his emails.

Mr. Shu appealed to the Board on May 26, 2020, arguing that OPM had failed to explain the available retirement packages. The Board dismissed for lack of jurisdiction on the ground that OPM had not issued an appealable final decision. Mr. Shu appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I

We review decisions of the Board on a limited basis, setting aside its actions, findings, or conclusions only if we find them "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law that we review de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012) (citing *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007)). "Before the Board, an appellant bears the burden of establishing Board jurisdiction." *Kahn v. Dep't of Just.*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) (citing

*McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1340 (Fed. Cir. 2002)); *see also* 5 C.F.R. § 1201.56(b)(2)(i)(A) (appellant must show jurisdiction by preponderance of the evidence).

The Board's jurisdiction "is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a)). Mr. Shu apparently seeks review here pursuant to the provisions of the Federal Employees' Retirement System ("FERS"). The Board has authority over FERS appeals under 5 U.S.C. § 8461(e)(1). *Okello v. Off. of Pers. Mgmt.*, 120 M.S.P.R. 498, 502 (2014) (citing 5 U.S.C. § 8461(e)(1)). The Board generally has jurisdiction over a FERS appeal only after OPM has a final decision. *Id.*

II

Here, OPM never issued a final decision—or any decision—regarding Mr. Shu's retirement benefits, and the only application for retirement Mr. Shu submitted was blank. Mr. Shu argues, however, that OPM's lack of response to his inquiries is essentially equivalent to a denial of retirement benefits. Mr. Shu also argues that the administrative law judge assigned to his appeal was biased against him based on that judge's past decisions adverse to Mr. Shu.

The Board's jurisdiction generally depends on a final OPM decision, and the Board does not "lightly assume jurisdiction over a FERS annuity appeal" outside the explicit regulatory requirements of a final decision. *Okello*, 120 M.S.P.R. at 503. Mr. Shu, however, relies on a narrow exception allowing the Board to "take jurisdiction over an appeal concerning a retirement matter in which OPM has refused or improperly failed to issue a final decision." *Id.* at 502 (citing *McNeese v. Off. of Pers. Mgmt.*, 61 M.S.P.R. 70, 74 (1994), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (unpublished table decision)). The exception applies when

"the appellant has made repeated requests for such a decision and the evidence indicates that OPM does not intend to issue a reconsideration decision." *Powell v. Off. of Pers. Mgmt.*, 114 M.S.P.R. 580, 582 (2010). We have approved the Board's jurisdiction in similar circumstances where there has been a "constructive denial." *See Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) (noting that "constructive denial occurs where OPM neglects to inform the petitioner of the right to seek reconsideration of a retirement application decision, improperly denies an opportunity for reconsideration, or fails to issue a decision within a reasonable time" (citations omitted)); *see also Stillwell v. Merit Sys. Prot. Bd.*, 629 F. App'x 998, 999 (Fed. Cir. 2015) (holding that OPM, and not the Board, has jurisdiction over a FERS application "until a final or reconsideration decision is reached, or some basis exists to conclude that OPM refuses or does not intend to act").

In the "unusual and compelling circumstances" present in *Okello*, the Board found that OPM had "effectively abdicated its role of adjudicating" the FERS claim. 120 M.S.P.R. at 503–04. Unlike *Okello*, however—in which the appellant had filed a claim and "diligently sought a final decision from OPM" over a six-year period, *id.* at 503— Mr. Shu has not filed a FERS claim with OPM at all. We therefore agree that Mr. Shu has not met his burden of demonstrating that the Board has jurisdiction over his appeal, as OPM has not issued a final decision and Mr. Shu has not shown that OPM has "refused or improperly failed to issue a final decision." *See id.* at 502.

Mr. Shu also argues that the assigned administrative law judge was biased against him, but he has not satisfied the high standard for showing bias based on conduct in the course of a proceeding, *see Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002), nor do we find prior rulings adverse to Mr. Shu sufficient to demonstrate judicial bias.

Mr. Shu, of course, remains free to file an application for FERS retirement with OPM, and if discontented with OPM's decision, he may seek review with the Board and then in this court.

**AFFIRMED**

COSTS

No costs.