NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VALERI HENDERSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2021-1645

_____

Petition for review of the Merit Systems Protection Board in No. PH-844E-19-0049-I-1.

_____

Decided: December 15, 2021

_____

VALERI HENDERSON, Philadelphia, PA, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

_____

Before MOORE, *Chief Judge*, DYK and REYNA, *Circuit Judges*.

PER CURIAM.

Valeri Henderson appeals a decision by the U.S. Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. As explained below, Ms. Henderson did not meet her burden of establishing that the Board had jurisdiction over her case, and so we affirm.

BACKGROUND

I

Under regulations promulgated by the Office of Personnel Management ("OPM"), a federal employee is eligible for a disability retirement annuity when, *inter alia*, she becomes disabled because of a qualifying medical condition while employed in a position subject to the Federal Employment Retirement System ("FERS"). If entitlement is proven, a disability annuity "commences on the day after the employee separates or the day after pay ceases and the employee meets the requirements for title to an annuity." 5 C.F.R. § 844.301. If the recipient is younger than 62 years old, the rate of the annuity is computed according to rules established by OPM. *See id.* § 844.302. Specifically, within the first year, the annuity "is [generally] equal to 60 percent of the annuitant's average pay." *Id.* § 844.302(b)(1). After the first year, the annuity "is [generally] equal to 40 percent of the annuitant's average pay." *Id.* § 844.302(c)(1).

When the recipient turns 62 years old, however, the rate is recomputed according to the calculations set forth in 5 U.S.C. § 8415, with the assumption that the employee is given "credit for all periods before the annuitant's 62nd birthday during which he or she was entitled to an annuity under this part." 5 C.F.R. § 844.305. Section 8415(a) defines the generally applicable calculation: "the annuity of an employee retiring under this subchapter is 1 percent of that individual's average pay multiplied by such individual's total service." 5 U.S.C. § 8415(a).

A retiree who receives a disability annuity and who wishes to, for example, "mak[e] elections or . . . change information in their retirement records must file their applications with OPM." 5 C.F.R. § 841.304. Generally, OPM will then issue one of two types of decisions. First, OPM may issue a decision subject to reconsideration. *See id.* §§ 841.305–306. An OPM decision "is subject to reconsideration by OPM[] whenever the decision is in writing and states the right to reconsideration." *Id.* § 841.305. Upon reconsideration, OPM "will issue a final decision that must be in writing, must fully set forth the findings and conclusions of the reconsideration, and must contain notice of the right to request an appeal" to the Merit Systems Protection Board ("Board") provided in § 841.308. *Id.* § 841.306. Specifically, § 841.308 states that "an individual whose rights or interests under FERS are affected by a final decision of OPM may request [the Board] to review the decision in accord with procedures prescribed by [the Board]." *Id.* § 841.308. Second, OPM may issue a final decision without reconsideration. *See id.* § 841.307. Under this procedure, OPM issues a final decision that "must be in writing and state the right to appeal under § 841.308." *Id.* As noted, both types of decisions must be final, must be in writing, and must notify the retiree regarding her right to appeal the final decision.

## II

On or about October 31, 1992, Ms. Henderson entered disability retirement from her employment with the Internal Revenue Service ("IRS"). Since that time, Ms. Henderson has received a monthly FERS disability annuity.

In January 2017, shortly after her 62nd birthday, Ms. Henderson called OPM to "inquir[e] as to what [she]

need[ed] to sign retirement papers." SAppx21.[1] Later that month, OPM notified Ms. Henderson that it would adjust her annuity to reflect that she had turned 62, as required by law. SAppx27. The notice explained that the new annuity rate would "represent[] the annuity payable if [Ms. Henderson] had continued to work until the date before [her] 62nd birthday and retired under the non-disability provisions of the FERS retirement law." *Id.* The notice further informed Ms. Henderson that, accordingly, the new annuity was based on 29 years and 1 month of federal service and an average salary of $29,921. *Id.*

On November 8, 2018, Ms. Henderson filed an administrative appeal with the Board to challenge OPM's alleged downward adjustment of her disability retirement annuity. In the appeal form she submitted, Ms. Henderson alleged that she started working at the IRS in 1987; that she was injured on the job; and that in an April 2018 phone call, OPM informed her that its system indicated that she had in fact received a salary amount—$19,532—that was lower than the amount indicated in OPM's January 23, 2017 notice. SAppx16, 21. Ms. Henderson disagreed that the lower amount applied and told OPM that her "salary at the time of [her] disability was well over $20 thousand." SAppx21. Despite her disagreement, OPM allegedly told her in the phone call that it would use the salary figure shown in its system. SAppx21–22.

On February 7, 2019, the Board dismissed her appeal for lack of jurisdiction. SAppx1–2. The Board explained that Ms. Henderson did not meet her burden of proving jurisdiction because she did not "submit[] evidence or argument establishing that OPM issued a final decision in this

---

[1]    "SAppx" refers herein to the appendix attached to the government's response brief.

matter," as required under 5 U.S.C. § 8461(e)(1) and 5 C.F.R. §§ 841.308, 1201.56(a)(2)(i). SAppx2.

On April 25, 2019, Ms. Henderson filed a pro se petition for review in the U.S. Court of Appeals for the Third Circuit. On February 2, 2021, the court issued a decision concluding that it lacked jurisdiction and transferring the case to this court without reaching its merits. SAppx37–41. The court explained that, in general, "a petition for review of an adverse [Board] decision must be filed in the Court of Appeals for the Federal Circuit." SAppx38. However, the court also explained, it could properly assert jurisdiction in two scenarios that are exceptions to the general rule: (1) where the case involves a claim for reprisal in violation of the Whistleblower Protection Enhancement Act of 2012, SAppx39, and (2) where the case involves a claim that "an agency action appealable to the [Board] violates an antidiscrimination statute listed in § 7702(a)(1)," *id.* (quoting *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012)). The court concluded that it lacked jurisdiction because neither of those exceptions to the general rule applied, given that Ms. Henderson did not mention reprisal or discrimination in her appeal to the Board. *Id.* The court thus transferred the case to this court and declined to reach the merits. SAppx40–41. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

We affirm a decision by the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo. Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017).

DISCUSSION

The government argues that the Board correctly determined it lacked jurisdiction over Ms. Henderson's appeal, given the absence of any indication that OPM issued a final, appealable decision. Respondent's Br. 6–8. We agree.

"The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board 'under any law, rule, or regulation.'" *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998) (quoting 5 U.S.C. § 7701(a) ("An employee, or applicant for employment, may submit an appeal to [the Board] from any action which is appealable to the Board under any law, rule, or regulation.")). The statutory and regulatory provisions governing the Board's jurisdiction from appeals involving disability retirement annuities, when read together, generally require a final decision by OPM as a prerequisite. For example, the statute governing FERS provides that "an administrative *action or order* affecting the rights or interests of an individual . . . may be appealed to [the Board] under procedures prescribed by the Board." 5 U.S.C. § 8461(e)(1) (emphasis added); *see also Joseph v. Merit Sys. Prot. Bd.*, 776 F. App'x 676, 678 (Fed. Cir. 2019) (non-precedential). OPM's regulations provide, more specifically, that "an individual whose rights or interests under FERS are affected by a *final decision* of OPM may request [the Board] to review the decision in accord with procedures prescribed by [the Board]." 5 C.F.R. § 841.308 (emphasis added). The Board's regulations, in turn, reiterate that its "appellate jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation," and they further identify provisions governing "[r]etirement appeals," including 5 U.S.C. § 8461(e)(1) and 5 C.F.R. part 844, as provisions that "authoriz[e] the Board to hear an appeal or claim." *See* 5 C.F.R. § 1201.3. Aside from cases involving final decisions by OPM, we have also recognized a limited exception in which the Board may exercise jurisdiction where OPM "has refused or improperly failed to

issue a final decision." *Stillwell v. Merit Sys. Prot. Bd.*, 629 F. App'x 998, 999 (Fed. Cir. 2015).

We conclude that the Board did not err in dismissing Ms. Henderson's appeal for lack of jurisdiction. "The party asserting jurisdiction bears the burden to show, by a preponderance of the evidence, that the Board had jurisdiction." *Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 869 (Fed. Cir. 2021) (citing *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc)); *see also* 5 C.F.R. § 1201.56(b)(2). The record before us contains no indication that OPM issued an appealable decision or improperly refused to issue one, such that the Board could properly assert jurisdiction. Instead, the record shows that OPM notified Ms. Henderson that her disability retirement annuity rate had been recalculated after her 62nd birthday, as required by law, and that she disagreed with an OPM employee in a phone call regarding the salary figure that should be used to determine the rate of her annuity. These facts alone are insufficient to establish the Board's jurisdiction, and Ms. Henderson has not proffered any additional evidence or argument that suffices to do so. We therefore affirm the Board's decision dismissing Ms. Henderson's appeal for lack of jurisdiction.

Lastly, we note that, as far as we can determine from the informal briefs and record in this case, Ms. Henderson's case appears to remain pending before the OPM. It is not clear from the record whether she has submitted the proper paperwork to OPM challenging an actual reduction in her benefits that resulted from OPM's use of an incorrect salary figure. Nor does the record show that OPM has issued a final decision concerning which salary figure it will use to determine her annuity's rate. If and when OPM issues a final decision on which salary figure it will use, Ms. Henderson may agree with it, or she may not. If she does not agree, she can appeal that final decision in accordance with the instructions that should be provided in the final decision. *See* 5 C.F.R. §§ 841.306–307.

CONCLUSION

We have considered other arguments raised by Ms. Henderson and find them unavailing. We conclude that Ms. Henderson did not meet her burden of establishing the Board's jurisdiction, and we therefore affirm the Board's decision dismissing the case for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.