NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID SHU,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2023-1341

---

Petition for review of the Merit Systems Protection Board in Nos. SF-0353-11-0065-C-1, SF-0353-11-0065-X-1.

---

Decided:  August 8, 2023

---

DAVID SHU, Camarillo, CA, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, CLEVENGER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

David Shu petitions for review of the final decision of the Merit Systems Protection Board ("Board") in *Shu v. U.S. Postal Service*, Docket Nos. SF-0353-11-0065-X-1 and SF-0353-11-0065-C-1, slip op. (M.S.P.B. Nov. 7, 2022),[1] which dismissed Mr. Shu's petition for enforcement of the Board's earlier September 25, 2014, decision in *Shu v. U.S. Postal Service*, Docket No. SF-0353-11-0065-B-2, slip op. (the "*2014 Order*").[2]  For the reasons set forth below, we affirm the Board's final decision.

I

Mr. Shu began working for the United States Postal Service ("agency") in the Woodland Hills, California, Post Office as a part-time flexible letter carrier on March 23, 2002.  On September 22, 2003, Mr. Shu suffered a back injury that led him to being absent from work starting September 24, 2003.  On September 30, 2003, the agency notified Mr. Shu that he was absent without leave ("AWOL") and on unscheduled absent status since September 24, 2003.  On October 20, 2003, Mr. Shu filed a workers' compensation claim for his September 22, 2003, injury.  On November 7, 2003, the agency issued a Notice of Removal to Mr. Shu based on the charge of Irregular Attendance/AWOL, and he was removed from his job on December 12, 2003.

While Mr. Shu was out of his letter carrier job with the agency, his request for workers' compensation languished in the Office of Workers' Compensation Programs ("OWCP").  On March 14, 2008, OWCP issued a decision on Mr. Shu's October 20, 2003, claim, ruling that he was

---

[1]    The relevant parts of the final decision can be found in Petitioner's Appendix 3–11.

[2]    The *2014 Order* can be found in Petitioner's Appendix 53–74.

temporarily totally disabled between September 24 and October 15, 2003, and entitled to compensation for that period. Nearly a year after the OWCP decision, on March 1, 2009, Mr. Shu requested that he be restored to employment with the agency, but for reasons undisclosed on the record before this court the agency rejected his request on April 27, 2009. A little over a year later, OWCP issued an additional decision finding that Mr. Shu suffered from a compensable injury between September 23 and November 6, 2003. On August 27, 2010, Mr. Shu renewed his request to the agency for restoration to duty, and the agency offered him a letter carrier position at the Santa Maria, California, Post Office. Mr. Shu accepted the offer and was restored to duty on November 6, 2010.

Although restored to duty, Mr. Shu appealed to the Board, arguing that the agency had erred in the timing and other details of his restoration to duty. On September 25, 2014, the administrative judge assigned to his appeal issued the *2014 Order* finding that the agency's delay in restoring Mr. Shu to duty between March 1, 2009 (the date of Mr. Shu's request for reinstatement) and November 6, 2010 (the date he was restored to work) was an improper denial of restoration. The administrative judge ordered the agency to: (1) restore Mr. Shu as of March 1, 2009, (2) pay Mr. Shu the appropriate amount of back pay, (3) provide Mr. Shu with service credit (for the purposes of rights and benefits based on seniority and length of service pursuant to 5 C.F.R. § 353.107) for the entire period of absence, from December 12, 2003 (the date of his removal) to November 6, 2010 (the date he returned to work upon reinstatement), and (4) inform Mr. Shu in writing of all actions taken to comply with the initial decision. Pet'r's App. 68–69.

Whether Mr. Shu had made an actual request for restoration at some time before his March 1, 2009, request, and hence would be entitled to back pay before March 1, 2009, was at issue before the administrative judge in the *2014 Order*. Mr. Shu's arguments seeking to establish an

earlier date on which he actually made a request for restoration were considered but rejected by the administrative judge in his finding that the date of Mr. Shu's request for restoration was March 1, 2009. Mr. Shu did not appeal the administrative judge's back pay effective date, and the *2014 Order* became a final decision on October 30, 2014.

On November 21, 2014, Mr. Shu filed a petition for enforcement of the *2014 Order*, which remanded the case to the agency to perform the curative steps for the agency's improper denial of restoration. Over the course of multiple pleadings, Mr. Shu alleged that the agency failed to comply with the *2014 Order* by: (1) failing to provide Mr. Shu with appropriate seniority status and service credit for the specified times, (2) improperly removing him from service, and (3) failing to pay him the correct amount of back pay and interest.

On June 29, 2016, the administrative judge issued a compliance initial decision granting Mr. Shu's petition for enforcement in part. Specifically, the administrative judge found the agency not in compliance because it failed to: (1) provide a sufficient explanation of the back pay check issued to Mr. Shu, (2) provide an explanation of how it calculated Mr. Shu's step increase, (3) provide an explanation of how it arrived at the date of February 25, 2005, for retirement service credit, and (4) properly withhold Mr. Shu's unemployment compensation withholding. Pet'r's App. 6. To cure these shortcomings, the administrative judge specifically ordered the agency to (1) provide evidence that it paid Mr. Shu all back pay, interest and benefits for the back pay period, along with a narrative explanation of how the agency arrived at its calculations, (2) provide evidence that it credited the appropriate amount of retirement service to Mr. Shu for the back pay period, with narrative explanation of the amount of service, and (3) remit appropriate payment to the State of Nevada for the unemployment compensation withheld from

Mr. Shu's back pay and provide evidence of such payment to the State of Nevada. *Id.* at 6, 43.

On August 26, 2016, the agency submitted a statement of compliance to the administrative judge, which explained that the agency had satisfied the specific requirements of the initial compliance decision as to the back pay calculations, but the statement lacked any explanation as to how the agency calculated Mr. Shu's step increase for the back pay period, and further lacked any evidence that the agency had remitted appropriate payment to the State of Nevada for unemployment compensation withheld from Mr. Shu's back pay. On July 31, 2017, the Board issued an order requesting further information from the agency on the step increase and unemployment compensation withholding issues. The agency responded to the Board on August 14, 2017, that it had remitted the unemployment funds to the State of Nevada and provided evidence of the remittance. But the agency said it was still working on its narrative for calculation of Mr. Shu's step increase date and would provide the necessary information "shortly thereafter." *Id.* at 8. Almost a year later, after two more requests by the Board for further information, the agency on August 16, 2018, filed a new submission that explained how employee step increases are calculated for employees in non-pay status and included evidence supporting its explanation.

## II

On November 7, 2022, the Board issued the final decision, which is the subject of Mr. Shu's petition for review. In its final decision, the Board recited the lengthy history of the case, beginning with Mr. Shu's petition to enforce the Board's *2014 Order*. The Board determined that the outstanding compliance issues were the agency's obligations to (1) provide a narrative explanation of its back pay calculations, (2) explain Mr. Shu's step increase date, (3) demonstrate that it had remitted unemployment

compensation to the State of Nevada, and (4) provide the appropriate amount of retirement service credit to Mr. Shu. Pet'r's App. 10.

The Board's final decision concluded that the agency's combined submissions demonstrate that the agency had reached full compliance with the outstanding compliance issues. Specifically, and in each instance citing record evidence, the Board found the agency satisfied its back pay, step increase, unemployment compensation and retirement service credit obligations. Accordingly, the Board dismissed Mr. Shu's petition for enforcement of the Board's *2014 Order*.

Mr. Shu timely petitioned for review of the Board's November 7, 2022, final decision, and we have jurisdiction over his petition pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## III

This court reviews a final decision of the Board under a specific standard of review. We must affirm the Board's final decision unless we determine that the final decision is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Marino v. Off. of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed. Cir. 2001).

Mr. Shu argues that the Board erred in dismissing his enforcement petition on six enumerated issues.

His first issue relates to the time period after he was restored to duty in 2010. On November 4, 2013, the agency proposed to remove Mr. Shu for Unacceptable Conduct/Failure to Report an Accident occurring on September 21, 2013. In 2015, an arbitrator found just cause for the removal, and Mr. Shu appealed his removal to the Board. The Board determined that his removal was unrelated to his previous restoration to duty following his compensable injury, and that it lacked jurisdiction over his appeal from

his removal based on the automobile accident. This court affirmed the Board's dismissal of his challenge to his removal. *See Shu v. Merit Sys. Prot. Bd.*, 689 F. App'x 971, 974 (Fed. Cir. 2017). Mr. Shu's first issue claims that the agency failed to consider his restored service credit in connection with his removal. In response, the agency points out that Mr. Shu's removal in 2015 is unrelated to the Board's *2014 Order*, and that any complaint about restored service credit related to the removal should have been raised in his challenge to the removal action. Further, the agency points out that Mr. Shu did not present this issue to the Board when it considered compliance with the Board's *2014 Order*. Mr. Shu on reply argues that the arbitration decision is "illegitimate," Petitioner's Informal Reply Br. 2, but does not otherwise challenge the agency's argument that this issue lacks merit. We agree with the agency that there is no merit to Mr. Shu's first issue.

The second enumerated issue concerns a reduction to Mr. Shu's back pay award. The agency withheld from Mr. Shu's back pay award $27,117.00 that he had collected as unemployment benefits due to his compensable injury. Mr. Shu argues that his private sector employer for the period leading up to his agency unemployment period should be deemed liable to reimburse the State of Nevada, not the agency, a result that would increase the back pay due to him from the agency. As the agency demonstrates in response, the law is clear that the employer liable to pay back pay is the employer obligated to reimburse the state, and it is undeniable that it is the agency, not some prior private sector employer, that is liable for back pay in this case. Resp't's Informal Resp. 7 (citing Nev. Rev. Stat. §§ 612.371, 612.055); *see Shu v. U.S. Postal Serv.*, Docket No. SF-0353-

11-0065-C-1, slip op. at 9 (M.S.P.B. Dec. 21, 2016).[3] Mr. Shu's second enumerated issue lacks merit.

For his third enumerated issue, Mr. Shu contends that he is entitled to back pay beginning September 23, 2003, rather than March 1, 2009. The agency argues, as noted above in our recitation of the case history, this very issue was raised and finally decided by the Board's *2014 Order*, which Mr. Shu did not contest. Furthermore, were the issue still alive, the agency points out that under settled Board law, back pay dates from the date of an employee's request for restoration, and not earlier. *See Shiflett v. U.S. Postal Serv.*, 51 M.S.P.R. 31, 33–34, Docket No. PH035386C0422, 1991 WL 217314 (M.S.P.B. Oct. 23, 1991); *New v. Dep't of Veterans Affs.*, 2007 M.S.P.B. 166, ¶ 8, *aff'd*, 293 F. App'x 779, 782 (Fed. Cir. 2008). Mr. Shu's third enumerated issue lacks merit.

In his fourth enumerated issue, Mr. Shu contends that his position at the Santa Maria Post Office was engineered to deprive him of his seniority rights during the period of his employment up to his removal in 2015 following the unreported vehicle accident. As the agency demonstrates in response, Mr. Shu offers no evidence that his employment at the Santa Maria office was improper, and further, that a Board decision on December 21, 2016, had determined that even if his seniority rights had been in error up to the date of his removal, he had offered no proof that the error caused any tangible harm, such as lost overtime that would have been earned up to his removal under correct seniority rights. Mr. Shu offers no more than his bare allegation that his seniority rights were miscalculated during his Santa Maria office tenure, and the agency proffers substantial evidence that neuters this issue.

---

[3] This order can be found in Petitioner's Appendix 13–25. Page 9 is at Petitioner's Appendix 21.

Mr. Shu's fifth enumerated issue involves his Thrift Savings Plan ("TSP"). As the Board noted in the decision under review, the administrative judge did not explicitly address Mr. Shu's contention that the agency had failed properly to account for Mr. Shu's five percent thrift savings contribution election. Consequently, the Board reviewed the record evidence on the agency's actions regarding Mr. Shu's TSP. Citing six specific parts of the record, the Board concluded that the agency had properly honored Mr. Shu's request for a five percent contribution from his awarded back pay to his TSP and held that the agency had provided detailed and credible documentation reflecting both TSP withholdings from Mr. Shu's back pay and matching contributions from the agency, along with corresponding explanations. As the agency correctly notes, although Mr. Shu generally complains that the Board erred on this issue, he does not challenge any of the documentation upon which the Board relied. The agency presents substantial evidence to support the Board's conclusion that the agency fully complied with its obligations regarding Mr. Shu's TSP, and we consequently reject Mr. Shu's fifth enumerated challenge to the Board's final decision.

Finally, Mr. Shu's sixth enumerated issue is whether his restoration rights include entitlement to a retroactive uniform allowance (i.e., to reimburse a U.S. Postal Service employee for the cost of the uniform the employee is required to wear when on duty) between 2003 and 2010, when Mr. Shu was not employed by the agency. As with the TSP issue, the Board noted that the administrative judge had not explicitly addressed this issue. The Board, after reviewing the agency's Employee and Labor Relations Manual on the subject of uniform allowance, concluded that uniforms are appropriate "while performing duties." Pet'r's App. 17. Because Mr. Shu had not performed duties between 2003 and 2010, the Board found him ineligible for any uniform allowance. In the context of a restoration appeal, the Board will not order an agency to act in a way that

would put an appellant in a better position than if the wrongful action had not happened. *See Corum v. U.S. Postal Serv.*, 2012 M.S.P.B. 81, ¶ 21. Accordingly, the Board held that the agency had no duty to provide Mr. Shu with a uniform allowance for the time he was not required to purchase and wear a required uniform. Nonetheless, Mr. Shu insists before this court that the agency owes him a uniform allowance for the time he was not in service. His argument is wholly without merit.

## CONCLUSION

After thorough review of the record in this case, it is clear that substantial evidence supports the Board's holding that the agency is in full compliance with the Board's *2014 Order*, which (a) found the agency had failed to restore Mr. Shu properly to his position, after the agency improperly removed him for AWOL during a time he suffered a compensable work-related injury, and (b) ordered specific restoration actions to be taken by the agency. The Board's decision to deny Mr. Shu's petition to enforce the Board's *2014 Order* is accordingly affirmed.

## **AFFIRMED**

## COSTS

No costs.