NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3081

REMEDIOS LABRADOR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Remedios Labrador, of Libertad, San Narcisco, Phillipines, pro se.

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Bryant S. Snee, Deputy Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3081

REMEDIOS LABRADOR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0831080337-I-1.

_____

DECIDED:  May 5, 2009

_____

Before SCHALL, GAJARSA, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Remedios Labrador petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the Office of Personnel Management's ("OPM") denial of her application to make a survivor deposit into the Civil Service Retirement System ("CSRS").  Labrador v. Office of Pers. Mgmt., 110 M.S.P.R. 306 (Table) (2008) ("Final Decision").  We affirm.

DISCUSSION

I.

Ms. Labrador's late husband, Vincent R. Labrador, worked for twenty-six years as a civilian employee of the U.S. Department of the Navy ("Navy") at the Navy Public Works Center in the Philippines. During his service, Mr. Labrador did not contribute to CSRS retirement benefits. Rather, he was subject to a negotiated retirement plan according to a collective bargaining agreement ("CBA"). Following Mr. Labrador's death in 1991, the Navy notified his beneficiaries that they would receive various benefits pursuant to the CBA.

In November 2007, Ms. Labrador submitted an application to OPM, requesting to make a survivorship deposit into the CSRS based on Mr. Labrador's civil service. OPM denied her application and her subsequent request for reconsideration in December 2007 and February 2008, respectively. Ms. Labrador then appealed to the Board. In an initial decision dated July 10, 2008, the administrative judge ("AJ") to whom the appeal was assigned found that, although Mr. Labrador had been in federal service, he was not covered by CSRS, but instead was covered by the CBA. Thus, because Mr. Labrador was not covered under CSRS, Ms. Labrador was ineligible for CSRS benefits and could not deposit into the CSRS fund. The AJ thus affirmed OPM's reconsideration decision. See Labrador v. Office of Pers. Mgmt., No. SF-0831-08-0337-I-1 (M.S.P.B. July 10, 2008) ("Initial Decision"). The Initial Decision became the Final Decision on November 13, 2008, when the Board denied Ms. Labrador's petition for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Labrador does not seriously contest that her late husband was not subject to the CSRS, that he never made contributions to the CSRS fund, or that his retirement was alternatively provided for by the CBA. Rather, she primarily makes legal arguments, taking the position that she is still entitled to make a deposit into the CSRS, regardless of whether her husband was covered by the CSRS.

The law is clear, however. Although a survivor of an employee may make a deposit into the CSRS, see 5 U.S.C. § 8334(h), a survivor may only do so if the employee was covered by CSRS, see Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007). An employee is excluded from the CSRS, however, if they were "subject to another retirement system." 5 US.C. § 8331(1)(ii); see Quiocson, 490 F.3d at 1360 ("Mr. Quiocson was covered by a different retirement system" and therefore "his service was not covered under the CSRS"). Importantly, there is substantial evidence that Mr. Labrador's retirement was covered by a retirement system other than CSRS—namely, the CBA. In fact, Ms. Labrador does not challenge this evidence. Thus, she is not entitled to make survivor deposits. See Quiocson, 490 F.3d at 1360-61 (affirming the Board's denial of a survivorship annuity because the employee

never served in a position covered by CSRS).  Accordingly, the Board's determination was in accordance with law and supported by substantial evidence.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.