NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――

**REMEDIOS LABRADOR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

―――――――――

2024-1986

―――――――――

Petition for review of the Merit Systems Protection Board in No. SF-0831-22-0342-I-1.

―――――――――

Decided: August 11, 2025

―――――――――

REMEDIOS LABRADOR, San Narciso, Philippines, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

―――――――――

Before REYNA, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Remedios Labrador seeks review of a final decision of the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction. For the following reasons, we affirm.

BACKGROUND

Ms. Labrador's late husband, Vicente R. Labrador, worked for twenty-six years as a civilian employee of the U.S. Department of the Navy. In 2007, Ms. Labrador submitted an application to the Office of Personnel Management (OPM) requesting to make a survivorship deposit into the Civil Service Retirement System (CSRS) based on her husband's civil service. OPM denied her application and her subsequent request for reconsideration, and Ms. Labrador appealed to the Merit Systems Protection Board. The Administrative Judge affirmed OPM's decision, finding that, although Mr. Labrador had been in federal service, he was covered not by CSRS but rather by a negotiated retirement plan pursuant to a collective bargaining agreement (CBA). Therefore, Ms. Labrador was not eligible for CSRS benefits and could not make a deposit into the CSRS fund. The Administrative Judge's initial decision became the Board's final decision in 2008 when the Board denied Ms. Labrador's subsequent petition for review. We affirmed, explaining that "[o]n appeal, Ms. Labrador d[id] not seriously contest that her late husband was not subject to the CSRS, that he never made contributions to the CSRS fund, or that his retirement was alternatively provided for by the CBA." *Labrador v. Off. of Pers. Mgmt.*, 332 F. App'x 613, 614 (Fed. Cir. 2009).

In April 2022, the Office of the Clerk of the Board received correspondence from Ms. Labrador, in which she alleged that OPM "improperly failed to issue a final decision on her 'claimed survivor entitlement to an annuity in year 2014' under the Civil Service Retirement System (CSRS)."

SAppx10 (citation omitted).[1] The Clerk's Office issued an Acknowledgement Order "explaining that the Board may not have jurisdiction over the appeal due to the lack of a final, appealable decision from OPM" and that the "appeal might be dismissed as barred under the doctrine of res judicata or otherwise decided based on collateral estoppel arising from the Board's final order in 2008 that was affirmed on appeal." *See* SAppx11–12. The Acknowledgement Order required Ms. Labrador to provide evidence and argument on both issues, which she did.

On August 22, 2022, the Administrative Judge issued an initial decision addressing whether Ms. Labrador's "appeal [is] barred by res judicata, or alternatively, [whether] she has met her burden of showing that the Board has jurisdiction over the appeal." SAppx11. The Administrative Judge explained that "[a]lthough jurisdiction issues are generally addressed as a threshold matter, the entangled nature of the arguments warrants discussion of the preclusion issues first." SAppx14.

The Administrative Judge noted that Ms. Labrador "d[id] not challenge the Board's or the Federal Circuit's competent jurisdiction in deciding her prior appeal," nor did she disagree "that the current and prior appeals involved the same cause of action and the same parties." SAppx16. The Administrative Judge reasoned that "[t]he initial decision in *Labrador I*[2] decided the merits of [Ms. Labrador's] claim" related to the survivor annuity under CSRS and that the *Labrador I* decision was "a final judgment on [her] claim" before the Board. SAppx16–17.

---

[1]    "SAppx" refers to the Supplemental Appendix submitted by Respondent at ECF No. 15.

[2]    "*Labrador I*" refers to Ms. Labrador's prior appeal before the Board, *Remedios Labrador v. Office of Personnel Management*, M.S.P.B. Case No. SF-0831-08-0337-I-1. *See* SAppx12.

The Administrative Judge thus concluded "that the prior decision bars re-litigation of any issue that was or could have been raised in that appeal," SAppx17, and dismissed the appeal as barred by res judicata.

The Administrative Judge then explained that, alternatively, the appeal should be dismissed for lack of jurisdiction because Ms. Labrador "ha[d] submitted no evidence that an application for benefits is pending before [OPM]," and "[s]he point[ed] to no legal basis to seek an agency review of her long-closed application for survivor benefits." SAppx19. The Administrative Judge noted Ms. Labrador did not provide "copies of any reconsideration letters in her jurisdictional response, nor d[id] she contend that she was seeking reconsideration on any issues other than the ones previously litigated" in *Labrador I*. SAppx19–20. The Administrative Judge thus found that Ms. Labrador "failed to non-frivolously allege any circumstances that would support a finding that OPM constructively denied her request for reconsideration" and that "[t]o the extent [Ms. Labrador] was seeking reconsideration of those same issues, they had already been finally decided and no further reconsideration from OPM was available." SAppx19. Ms. Labrador petitioned for review of the initial decision.

The Board denied the petition for review, modified part of the initial decision, and affirmed. The Board explained that it modified the initial decision to "clarify that [it was] dismissing the appeal for lack of jurisdiction." SAppx2. The Board reasoned that "the existence of Board jurisdiction is a threshold issue in adjudicating an appeal," and "[t]herefore, the administrative judge should have discussed the jurisdictional issue first before addressing whether the appeal was barred by the doctrine of res judicata." SAppx3. The Board "agree[d] with the administrative judge's conclusion that OPM did not refuse or improperly fail to issue a final decision in this case" and "modif[ied] the initial decision to dismiss the appeal for lack of jurisdiction." SAppx3. The Board also explained

that "to the extent that [Ms. Labrador] is attempting to re-litigate OPM's . . . decision finding that she had no right to make a deposit into the [CSRS fund] or to receive a survi-vor's annuity . . . we agree with the administrative judge's conclusion that the appeal is barred by the doctrine of res judicata." *Id.*

Ms. Labrador now seeks review from this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

"We will uphold the Board's decision unless it is '(1) ar-bitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures re-quired by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (quoting 5 U.S.C. § 7703(c)). "Whether the [B]oard has ju-risdiction over an appeal is a question of law that this court reviews *de novo*." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

The Board's jurisdiction is "limited to those actions which are made appealable to it by law, rule, or regula-tion." *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see* 5 U.S.C. § 7701(a). OPM's regulations provide that Board review is available to "an individual or agency whose rights or interests under the Civil Service Retirement System . . . are affected by a final decision of the representative of the . . . Office of Personnel Manage-ment." 5 C.F.R. § 831.110; *see* 5 U.S.C. § 8347(d)(1). The petitioner bears the burden to prove that the Board has ju-risdiction over her appeal. *See Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011); 5 C.F.R. § 1201.56(b)(2)(i)(A).

Ms. Labrador does not challenge the Board's determi-nation that it lacks jurisdiction over her case. Her brief exclusively focuses on the res judicata issue and the merits

of her entitlement to survivor benefits. *See generally* Pet. Informal Br. 4–9.

We agree the Board lacks jurisdiction because nothing in the record supports the existence of a final decision by OPM for the Board to review and the Board only has jurisdiction over the actions made appealable to it by law. 5 C.F.R. § 831.110 (providing that Board review is available to "an individual or agency whose rights or interests under the Civil Service Retirement System . . . are affected by a *final decision* of the representative of the . . . Office of Personnel Management" (emphasis added)).[3] As the Administrative Judge explained, Ms. Labrador identified "no legal basis to seek an agency review of her long-closed application for survivor benefits" nor did she submit any "evidence that an application for benefits is pending before the agency." SAppx19. In the absence of such evidence, the Board properly held it lacks jurisdiction.

---

[3]    To the extent the Respondent contends this matter does not present any constructive denial concerns, Resp. Informal Br. 12, we briefly note there is a narrow exception to the final decision requirement "where OPM has constructively denied an individual the opportunity to receive a final decision." *Malone v. Merit Sys. Prot. Bd.*, 590 F. App'x 1002, 1003 (Fed. Cir. 2015) ("Typically, constructive denial occurs where OPM neglects to inform the petitioner of the right to seek reconsideration of a retirement application decision, improperly denies an opportunity for reconsideration, or fails to issue a decision within a reasonable time." (internal citations omitted)). There is no constructive denial here because Ms. Labrador sought and received reconsideration of OPM's initial decision in 2008. The "reconsideration" contemplated by *Malone* is reconsideration of an initial decision, as provided in OPM's regulations. 5 C.F.R. § 831.109.

CONCLUSION

We have considered Ms. Labrador's remaining arguments and are not persuaded.  For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**

COSTS

No costs.